UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL ADKISSON, | Case No. 3:23-cv-00287-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

## I. SUMMARY

*Pro se* Plaintiff Michael Adkisson, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a Motion for Extension of Time to File Objections to Screening Order (ECF No. 7) and a Motion for Extension of Time to File Amended Complaint ("Motion to Extend" (ECF No. 8)).

## II. BACKGROUND

On March 1, 2024, the Court issued a screening order permitting one claim alleging First Amendment denial of access to courts to proceed against Defendants Dzurenda and Breitenbach. (ECF No. 5.) The Court stayed the action for 90 days to allow Plaintiff and Defendants an opportunity to settle their dispute on the remaining claim and referred the case to the Court's Inmate Early Mediation Program. (*Id*. at 8-9.) The inmate early mediation conference is scheduled for April 30, 2024. (ECF No. 10.)

The Court interpreted Plaintiff's allegations based on NRS § 193.165 as challenging the validity of his confinement or the particulars affecting its duration, which is in the province of habeas corpus. (*Id*. at 5.) Accordingly, the Court dismissed any constitutional claims based on NRS § 193.165 without prejudice to Plaintiff raising such claims in a separate petition for writ of habeas corpus. (*Id*. at 8.) The Court dismissed Plaintiff's First Amendment legal mail claim without prejudice and dismissed his

Fourteenth Amendment due process claim related to the denial of Plaintiff's voting rights with prejudice as amendment would be futile. (*Id*.)

### III. DISCUSSION

Plaintiff requests a 30-day extension of time to file an amended complaint and objections to the Court's screening order. Plaintiff asserts he has relied on the assistance of another inmate, John Quintero, to draft his complaint. (ECF No. at 4.) Another inmate, Paul Klein, assisted Plaintiff in drafting his Motions to Extend as well as an amended complaint. (*Id*.) He asserts that an amended complaint and/or objections to the Court's screening order "will resolve a few legal issues and matters at law," but he does not specify which claims he intends to resolve or if he intends to allege new claims for relief. (*Id*.)

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleading once as a matter of course within 21 days of serving it. Local Rule 15-1(a) requires that the party requesting leave to amend, "attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include all copies of all exhibits referred to in the proposed amended pleading." Although Plaintiff is *pro se*, he must still follow the Local Rules. To the extent Plaintiff is requesting leave to amend, the Court denies his motion because he did not attach a copy of his proposed amended complaint. The Court will grant Plaintiff an extension of time to file any objections as well as a renewed motion for leave to amend his complaint and instructs Plaintiff to attach a proposed amended complaint. The Court will screen his amended complaint under 28 U.S.C. § 1915A, which may take several months. As a result, the Court will vacate the inmate early mediation conference scheduled for April 30, 2024.

Plaintiff will have 30 days from the date of this order to file his objections to the Court's screening order and/or a renewed motion for leave to amend his complaint with an attached proposed amended complaint. If Plaintiff chooses to file an amended

complaint, he is advised that an amended complaint replaces the complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue, including the claim found cognizable in the Court's screening order. He must file the amended complaint on this Court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Plaintiff must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. He must file the renewed motion to amend his complaint within 30 days of the date of this order. If Plaintiff chooses not to file an amended complaint, this action will proceed on the First Amendment denial of access to courts claim against Defendants Dzurenda and Breitenbach only.

## IV.   CONCLUSION

It is therefore ordered that Plaintiff Michael Adkisson's Motion for Extension of Time to File Objections to Screening Order (ECF No. 7) is granted.

It is further ordered that Plaintiff's Motion for Extension of Time to File Amended Complaint (ECF No. 8) is granted to the extent Plaintiff is requesting leave to file a renewed motion for leave to amend.

It is further ordered that Plaintiff will have 30 days from the date of this order to file his objections to the Court's screening order and/or a renewed motion for leave to amend his complaint with an attached proposed amended complaint.

The Clerk of Court is further directed to send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF

No. 6). If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

It is further ordered that, if Plaintiff chooses not to file an amended complaint, this action will proceed immediately on the First Amendment denial of access to courts claim only.

The Clerk of Court is further directed to vacate the inmate early mediation conference set for April 30, 2024.

DATED THIS 27th Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE