**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MICHAEL ADKISSON, | Case No. 3:23-CV-00287-MMD-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]** |
| v. | [ECF No. 32] |
| JOE LOMBARDO, *et al.*, | |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Michael Adkisson ("Adkisson") against Defendants James Dzurenda ("Dzurenda") and Nethanjah Breitenbach ("Breitenbach") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF No. 32.) Adkisson responded, (ECF No. 35), and Defendants replied. (ECF No. 36.) For the reasons stated below, the Court recommends that Defendants' motion for summary judgment, (ECF No. 32), be granted.

## I.    PROCEDURAL HISTORY

On June 16, 2023, Adkisson filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis for events which occurred while incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF Nos. 1, 1-1.) On April 26, 2024, Adkisson filed a motion for leave to file a first amended complaint ("FAC"). (ECF Nos. 13, 14.) The Court granted the motion and screened the FAC pursuant to 28 U.S.C. § 1915A(a). (ECF No. 17.) The Court allowed Adkisson to proceed on a First Amendment denial of access to courts claim based on allegations that because prison officials withheld documents he requested from the Nevada Board of Parole Commissioners and oral argument transcripts he ordered from the Nevada Supreme

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    Court, he could not present the documents in his habeas corpus case. (*Id*. at 11.)

2    **II.    FACTUAL BACKGROUND[2]**

3        **A.    Underlying Conviction**

4           In 2004, Adkisson was found guilty of second-degree murder with use of a deadly

5    weapon at trial and sentenced to a term of life with the possibility of parole after 10 years

6    plus an equal and consecutive term of life with the possibility of parole after 10 years.[3]

7    *Adkisson v. Neven*, ("*Habeas Case*") No. 2:14-CV-01934-APG-DJA, (D. Nev. Filed Nov.

8    20, 2014) (ECF Nos. 19-8, 38-17). Adkisson entered the custody of the Nevada

9    Department of Corrections on January 10, 2005. (ECF No. 32-1 at 2, ECF No. 32-7 at 3.)

10        **B.    Habeas Proceedings**

11           Following his conviction and incarceration, Adkisson filed his first petition for a writ

12    of habeas corpus on November 20, 2014. (*Habeas Case*, ECF No. 1). Adkisson filed a

13    second amended petition on February 10, 2016, which became the operative petition.

14    (*Habeas Case*, ECF No. 28.) In November 2019, the *Habeas Case* was stayed while

15    Adkisson returned to state court to litigate a claim regarding the validity of his deadly

16    weapons enhancement sentence, specifically on the issue of whether he could be

17    incarcerated on the weapon-enhancement sentence after being granted parole on the

18    primary sentence for second-degree murder. (*Habeas Case*, ECF Nos. 82, 91.) On June

19    21, 2021, Adkisson's then-counsel filed a motion to reopen the *Habeas Case* because

20    the state-court proceedings concluded on May 3, 2021, when the United States Supreme

21    Court denied his petition for certiorari. (*Habeas Case*, ECF No. 94.) The case was then

22    _____

23    [2]        The facts as stated herein are undisputed unless otherwise noted by the Court.

24    [3]        A court may take judicial notice of a fact that is generally known and which is not
subject to dispute, and deemed authentic. *See* Fed. R. Evid. 201. As part of Adkisson's

25    habeas proceedings, both parties provided Adkisson's judgment of conviction and
sentencing as exhibits and thus the facts of his conviction and sentence are not subject

26    to dispute. (*Habeas Case*, ECF Nos. 19-8, 38-17.) Therefore, the Court is permitted to
take judicial notice of Adkisson's judgment of conviction and sentencing. *See United*

27    *States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th
Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without

28    the federal judicial system, if those proceedings have a direct relation to matters at
issue.'").

1    reopened and Adkisson's counsel was granted leave to withdraw as his attorney. (*Habeas*

2    *Case*, ECF Nos. 99.)

3            Adkisson then moved to file a third-amended petition on September 1, 2021.

4    (*Habeas Case*, ECF No. 109.) Adkisson sought to add only the claims which were litigated

5    unsuccessfully during the stay of the *Habeas Case*. (*Id.*) The Court denied Adkisson's

6    motion because "his proposed claims [were] untimely, unexhausted, and procedurally

7    barred" and amendment would be futile. (*Habeas Case*, ECF No. 122 at 1.) Adkisson

8    subsequently filed a motion for reconsideration of that denial. (*Habeas Case*, ECF No.

9    126.) On March 28, 2023, the Court denied Adkisson's motion for reconsideration and

10   denied his second-amended petition for writ of habeas corpus on the merits. *Adkisson v.*

11   *Neven*, No. 2:14-CV-01934-APG-DJA, 2023 WL 2663203, at *1 (D. Nev. Mar. 28, 2023),

12   *certificate of appealability denied sub nom. Adkisson v. Att'y Gen.*, No. 23-15608, 2023

13   WL 11157874 (9th Cir. Dec. 4, 2023).

14         **C.**    **Facts Related to Civil Rights Case**

15           Based on Adkisson's sworn complaint, the events in this case began on November

16   11, 2021.[4] (ECF No. 13 at 12-13.) Adkisson submitted a public records request for records

17   from the Parole Board "to present as evidence to a habeas proceeding." (*Id.* at 12.)

18   Adkisson also purchased records from an oral argument in front of the Nevada Supreme

19   Court in "*Woofter v. O'Donnell*" which were also "intended to be presented as evidence

20   to a habeas." (*Id.*) Adkisson does not elaborate on how the records would have been

21   used as evidence in his habeas proceedings or explain what information was contained

22   in the records, other than to describe the documents as "public records." (*See id.*)

23

24   [4]    As Adkisson's complaint is a written statement subscribed in proper form as true
     under penalty of perjury, (ECF No. 1-1 at 14), the Court may accept certain statements in

25   the complaint as a substitute for an affidavit. Fed. R. Civ. P. 56 advisory committee's note
     (2010) ("28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification,

26   or statement subscribed in proper form as true under penalty of perjury to substitute for
     an affidavit."). Adkisson's contentions in his pleadings may be considered as evidence to

27   the extent: (1) contents of the document are based on personal knowledge, (2) they set
     forth facts that would be admissible into evidence, and (3) the litigant attested under

28   penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923
     (9th Cir. 2004).

However, according to a sworn declaration from Martha Simas, an NDOC employee who reviewed the documents contained in the mail from the Parole Board, those documents "contained other offender's Parole Orders and Risk Assessments, which included information such as crimes committed, and whether they collaborated with the authorities." (ECF No. 32-8 at 3.)

In 2021 and 2022, Adkisson was housed at NNCC. (ECF No. 32-1 at 3, ECF No. 32-7 at 3.) Based on Adkisson's legal mail log, he received incoming legal mail from the Parole Board on February 11, 2021, April 26, 2021, June 28, 2021, and September 29, 2021. (ECF No. 32-2 at 15-16, ECF No. 32-7 at 3.) He received mail from the Nevada Supreme Court on March 16, 2021 and July 21, 2021. (*Id.*) He did not receive mail from the Parole Board or the Nevada Supreme Court in 2022. (*Id.* at 18.)

On January 27, 2022, Adkisson received a "Notice of Unauthorized Mail" explaining that his mail had been withheld because inmates are not allowed to receive, from any source, confidential information about current or past inmates per Nevada Department of Corrections ("NDOC") Administrative Regulations ("AR") 750 and 568. (ECF No. 32-4 at 12-13, ECF No. 32-5, ECF No. 32-6, ECF No. 32-7 at 3.) Adkisson grieved this issue and upon review, NDOC confirmed the decision to withhold the mail. (ECF No. 32-4 at 12-13.)

### D.    Motion for Summary Judgment

On May 22, 2025, Defendants filed a motion for summary judgment arguing summary judgment should be granted in this case because: (1) neither Defendant personally participated in the alleged constitutional violation; (2) no constitutional violation occurred; and (3) Defendants are entitled to qualified immunity. (ECF No. 32.)

On July 1, Adkisson responded. (ECF No. 35). Adkisson argues that Defendants' motion for summary judgment should be denied because: (1) NDOC "cannot unilaterally determine what is a public record" and improperly withheld the documents until after his habeas corpus proceedings concluded; (2) ARs 750 and 568 were never lawfully adopted and are therefore invalid; (3) Defendants are not entitled to qualified immunity because

they participated in "possibly criminal conduct;" and (4) he is not required to show that each Defendant personally handled or withheld his mail. (*Id.*)

Defendants replied on July 15, 2025. (ECF No. 36.) Defendants reiterated the arguments made in the motion for summary judgment and also argued that the validity of ARs 750 and 568 has no bearing on the current litigation. (*Id.*)

## III.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a

genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf*

*Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct.  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it, and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make or provide support for a possible objection, the court will likewise not consider it).

## IV.    DISCUSSION

### A.    Personal Participation

The only named Defendants in this case are Dzurenda and Breitenbach. (*See* ECF No. 17.) Defendants claim there is no evidence that either personally participated in the decision to withhold Adkisson's mail and therefore summary judgment must be entered. (ECF No. 32 at 4-5.) For the reasons stated below, the Court agrees.

"There are two elements to a section 1983 claim: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Cmty. Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). A prerequisite to recovery under the

7

Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for the constitutional violations of [his or her] subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "[V]icarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Defendants argue that summary judgment should be granted because there is no evidence – or even allegations – that either Defendant personally participated or knew of the alleged withholding of Adkisson's mail. (ECF No. 32 at 4-5.) As the moving party, Defendants bear the initial burden of demonstrating either the absence of evidence to support Adkisson's claim or by submitting evidence that forecloses the possibility of a reasonable jury finding in favor of Adkisson. *See Pakootas*, 905 F.3d at 593-94. Here, Defendants have demonstrated a complete absence of evidence showing that either Defendant personally participated in the alleged constitutional violation. In fact, Defendants show that Adkisson failed to even *allege* that either Defendant personally participated in withholding his mail. Even if there were allegations that Defendants knew of Adkisson's mail being withheld, that alone would be insufficient to establish personal

8

participation. *See May v. Williams*, No. 2:10-CV-576-GMN-LRL, 2012 WL 1155390, at *3 (D. Nev. Apr. 4, 2012) ("Holding a prison official personally responsible for damages simply because he is familiar with a prisoner's circumstances through direct communications with the prisoner and through communications with his subordinates [or caseworkers] is such a broad theory of liability that it is inconsistent with the personal responsibility requirement for assessing damages against public officials in a 42 U.S.C. § 1983 suit."; *see also Jackson, v. State of Nevada*, No. 2:16-cv-00995-APG-NJK, 2019 WL 6499106, at *7 (D. Nev. Dec. 3, 2019) ("[C]ourts have held that merely denying a grievance without some decision-making authority or ability to resolve the underlying issue grieved is not enough to establish personal participation."). Consequently, Defendants have met their initial burden and the burden shifts to Adkisson to establish that a genuine issue of material fact actually exists. *Matsushita*, 475 U.S. at 586.

In response, Adkisson asserts he is not required to show either Defendant personally handled or withheld his mail. (ECF No. 35.) Rather, Adkisson argues that Defendants knowingly "create[d] a position to illegally empower the described violations" because ARs 750 and 568 were never lawfully adopted and are therefore invalid. (*Id.* at 2-3, 5.) Thus, Adkisson acknowledges that neither Defendant took specific actions to withhold his mail but rather argues that Defendants should be liable in their supervisory capacities. However, mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita*, 475 U.S. at 586-87. Merely asserting that Defendants knowingly created a system in which his mail was withheld is insufficient for Adkisson to meet his burden. Accordingly, the Court recommends that Defendants' motion for summary judgment be granted.

## B.    First Amendment Denial of Access to Courts

Although the Court recommends that Defendants' motion for summary judgment be granted for lack of personal participation, the Court also finds that summary judgment should be granted on the merits of Adkisson's First Amendment denial of access to the

courts claim.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts, for '[w]ithout those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.'" (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005))). The Ninth Circuit has held that "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (discussing requirements for an access-to-court claim premised on prison officials' alleged interference with prisoner lawsuit), overruled on other grounds as recognized by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). *See also First Amend. Coal. of Ariz., Inc.*, 938 F.3d at 1080 (recognizing that the right of access to courts may be violated by "active interference with a prisoner's right to litigate, such as seizing and withholding the prisoner's legal files"). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3, 354–55; *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1159–60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim."); *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis*, 518 U.S. at 349; *Nasby v. Nevada*, 79 F.4th 1052, 1056 (9th Cir. 2023); *Madrid*, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

10

inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted); *see also Nasby*, 79 F.4th at 1056-57 (explaining that "[t]he hindered claim must also be 'nonfrivolous,'" and finding that a claim was frivolous where raising it earlier would not have altered the outcome of the underlying action); *Hebbe v. Pliler*, 627 F.3d 338, 342-43 (9th Cir. 2010); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials (citing *Lewis*, 518 U.S. at 353 & n.4)); *Madrid*, 190 F.3d at 996.

Defendants argue they are entitled to summary judgment because Adkisson cannot show an injury was caused by the withholding of his mail. (ECF No. 32 at 8-10.) Defendants argue the Parole Board documents would not have made a difference in the outcome of his habeas petition because the Court expressly found his arguments were without merit. (*Id.*) Adkisson sought to add the claim relating to the deadly weapons enhancement – which failed when litigated in state court – and the Court denied the attempt because "his proposed claims are untimely, unexhausted, and procedurally barred" and amendment would be futile. (*Habeas Case*, ECF No. 122 at 1.) The Court then reaffirmed that decision. *Adkisson,* 2023 WL 2663203 at *1. Accordingly, the Court finds that Defendants meet their burden on summary judgment of showing there is an absence of evidence to support the actual injury element of Adkisson's First Amendment denial of access to courts claim. *Pakootas*, 905 F.3d at 593-94.

The burden now shifts to Adkisson to establish that a genuine issue of material facts exists as to whether he suffered an actual injury. *Matsushita*, 475 U.S. at 586. In Adkisson's response to the motion for summary judgment, he argues there is an issue with his sentencing because "the consecutive sentence for use of a deadly weapon imposed in a single count does not begin until AFTER the actual crime of conviction is discharged, therefore no crime of conviction is under consideration when carrng(sic)-out the judgment of imprisonment and parole." (ECF No. 35 at 4.) Adkisson claims the records show that Defendants "make false fraudulent representations of a second conviction for

the purpose of carrying out mere verbiage – demonstrating a complete break-down of our system of checks and balances." (*Id.* at 4-5.) However, as previously discussed, the argument regarding the deadly weapons enhancement failed when brought in state court and was found to be "untimely, unexhausted, and procedurally barred" by the Court in the *Habeas Case*. (*Habeas Case*, ECF No. 122 at 1.)

Based on this argument, it is entirely unclear to the Court why Adkisson would need the documents in question to argue a claim which has already failed. Thus, the Court cannot find that this claim is nonfrivolous because there is no evidence that Adkisson was prevented from presenting a claim. *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted); *see also Nasby*, 79 F.4th at 1056-57 (explaining that "[t]he hindered claim must also be 'nonfrivolous,'" and finding that a claim was frivolous where raising it earlier would not have altered the outcome of the underlying action). Consequently, Adkisson has failed to meet his burden on summary judgment and the Court recommends Defendants' motion for summary judgment be granted on this alternative basis.[5]

## V.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 32), be granted.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the

---

[5]    As the Court finds that Adkisson's claim fails on the merits, it need not address Defendants' other arguments or defenses.

District Court's judgment.

**VI.    RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Defendants' motion for summary judgment, (ECF No. 32), be **GRANTED**.

IT IS FURTHER RECOMMENDED that the Clerk **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

**DATED**:  September 9, 2025  .

**UNITED STATES MAGISTRATE JUDGE**

13